## COUNTY OF CUMBERLAND.

ANDREWS *versus* CITY OF PORTLAND.

There can be no recovery for labor under a contract, when not rendered in conformity to it, unless there has been some acceptance of it, or unless an exact performance has been waived, or unless the non-conformity was occasioned by the contractee.

A payment made by one of the parties to a contract in part of the contract price for having done a job of work, does not waive an exact performance of the contract, if, when making such payment, he did not know that there was an insufficiency in the work.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

The City Council of Portland ordered, " that the Committee on the Fire Department be authorized to contract for the construction of a suitable number of stone reservoirs, in or near Commercial street, not exceeding five in number."

Pursuant to that authority, the committee contracted with the plaintiff to build five reservoirs, in conformity to a plan and specifications, and to pay him $387,50 for each of them.

The plaintiff procured materials for the reservoirs, and built one of them. There was evidence tending, (as the plaintiff insisted,) to show that some of the committee superintended the construction of the reservoir and accepted it, having assented to some alterations from the prescribed plan. The work, however, was unsatisfactory to the committee. They paid the plaintiff $350, and forbade him to proceed any further under the contract.

There also was evidence tending to show that the Committee on the Fire Department always had charge of erecting reservoirs.

This action is *assumpsit*, brought to recover $37,50, the balance for building the one reservoir and $800 for injury by the committee's rescission of the contract as to the other four.

Among other requests to the Judge for instruction to the jury, were the following : —

" 2. That if the plaintiff substantially completed the contract for the reservoir at Titcomb's wharf, and built it of as good materials, and to the acceptance of the Committee on the Fire Department, the city would be bound to pay what it was worth, which instruction the Judge declined to give.

" 3. That if the jury find the city, after the reservoir was constructed, paid the plaintiff $350, on account of it, such payment was an acceptance of it by the city, and that if not in strict accordance with the terms of the contract, the plaintiff might recover the value of the reservoirs, or else the contract price, less such a sum as it would cost to make it equal to the kind specified in the contract, which instruction the Court declined to give."

The verdict was for the defendants, and the plaintiff excepted to the Judge's refusal to give the second and third requested instructions.

*Fox*, for the plaintiff.

The order of the City Council authorizing the committee to contract for the building of five reservoirs, together with the fact of the committee superintending the construction, assenting to the alterations and change of materials, and afterwards accepting the same, bound the city to pay for the reser-

voir what it was worth, more especially since it was shown that the Committee on the Fire Department always have had charge of building reservoirs. *Damon* v. *Granby*, 2 Pick. 345; *Simons* v. *Heard*, 23 Pick. 124; *Snow* v. *Ware*, 13 Met. 43.

The second requested instruction should, therefore, have been given.

The third requested instruction should also have been given. *Hayden* v. *Madison*, 7 Greenl. 76, is almost precisely like the present case, and the requested instruction was based on that authority.    7 Greenl. 118; *Abbott* v. *Hermon*, 13 Met. 43, before cited.

*Barnes, City Solicitor,* for the defendants.

SHEPLEY, C. J. — The only error insisted upon is the omission to instruct the jury as stated in the second and third requests.    The written contract appears to have been made by virtue of an order, passed on August 8, 1850, authorizing the committee on Fire Department " to contract for a suitable number of stone reservoirs, in or near Commercial street, not exceeding five in number."    The order did not authorize the committee to superintend their construction, or to dispense with the performance of the contract, or to determine, that it had been performed.    If they had been authorized to build the reservoirs, or to superintend their construction, an authority might have been implied to determine whether the contract had been performed.    Their authority extended only to the single act of making the contract.    The city would not be bound by any other act of theirs without proof, that it had been ratified, and no vote or act, from which this could be inferred, has been introduced.    The second request for instructions was therefore properly refused.

The third request rests upon the position, that a partial payment made on account of it by the city, after a reservoir had been constructed, amounted to an acceptance of it.    The case of *Hayden* v. *Madison*, 7 Greenl. 76, is relied upon as sustaining it.    It appears from that case, that a payment was

made by the town, " knowing that eighty-six rods of the road had not been completed, and making no objection on that account." It does not appear in this case, that payment was made by the city with a knowledge, that it had not been so far completed, that one reservoir had been constructed according to its provisions. It does appear, that the committee or some of its members had such knowledge, and that objections were made on that account, and that a certain sum was reserved from the amount agreed to be paid, because there had not been such a performance of the contract.

If the city could be bound by these acts of the committee, a payment made under such circumstances would not amount to a waiver of performance of the contract. It not appearing that the city had waived performance, or had accepted and used the reservoir alleged to have been completed, the instructions and refusals to instruct were fully authorized.

*Exceptions overruled.*

TENNEY, WELLS and APPLETON, J. J., concurred.